1

[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

CECIL BOYKIN
202902 EMERALD ST
WALLER, TX 77484

Tel: 936-661-9805

pro se

United States Courts
Southern District of Texas
F I L E D

APR 17 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DISTRICT

| | |
|---|---|
| CECIL BOYKIN<br><br>plaintiff<br><br>V.<br><br>RANDOLPH VINCENT JR.<br>CYPRESS FOUR PROPERTY VENTURES LLC<br>WELLS FARGO FINANCIAL TEXAS INC<br>CHUCK MARTIN<br>MICHAEL SCHROEDER<br>OCWEN FINANCIAL CORPORATION<br>BUCKELY MADOLE PC<br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION<br>ROY LEE KEMP<br>WALLER COUNTY CLERK RECORDER as a nominal defendant<br><br>and DOES 1-100<br><br>defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR<br><br>$5,000,000. Demanded<br><br>1. Frauds and Swindles (18 U.S.C.§ 1341)<br>2. Rescission and Restitution (15 U.S.C. 1635)<br>3. Violation of Real Estate Settlement Procedures Act ( 12 U.S.C. 2605, et seq)<br>4. Fraudulent Concealment 18 USC §1001<br>5. Fraudulent Misrepresentation 18 U.S.C § 1005<br>6. Elder Abuse Texas Human Service Code Chapter 48<br>7. Quiet Title 28 U.S.C. 2409<br>8. Violation of Title 42 1983<br>9. Declaratory and Injunctive Relief<br><br>Verified Complaint For Damages<br>JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES

2

[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

# INTRODUCTION

Plaintiff CECIL BOYKIN as an individual demanding a jury trial, holding defendants liable jointly and severally, alleges, on information and belief, the following in support of his complaint:

1. All defendants have violated plaintiffs' federally protected civil rights.
2. All defendants have committed acts of elder abuse.
3. All defendants have filed fraudulent public documents to cloud the title.
4. All defendants have committed acts of elder financial abuse.
5. Bank of America NA ratified fraudulent transfer of the property.
6. Defendant, Wells Fargo Financial Texas Inc. has committed multiple acts of fraud with and through employees claiming to have foreclosed on a loan of which the FDIC has no record.
7. Defendant, Randolph Vincent Jr., claims to have purchased a property at auction however there are no publicly recorded documents pertaining to this fraudulent action. Defendant further vandalized the property, used a firearm to threaten and intimidate plaintiffs and guests, released a horse onto the road, and caused damage to apartment buildings that are not a part of the legal description of the property and are personal property of the plaintiff. Defendant, further recorded fraudulent documents as if he had paid $55,000 for the property to another defendant for purchasing the property. Defendant has breached the private property of plaintiff repeatedly.
8. Defendant Wells Fargo Financial Texas Inc. has deliberately stolen the equity in subject property located at 22395 F M Road 1098, Prairie View, Texas.
6. Defendant, Randolph Vincent Jr. has breached private property of plaintiff, Cecil Boykin, repeatedly brandishing firearms and accompanied by a crew of vandals.

3

[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

7. Plaintiff purchased the property in 1963 and made monthly payments to the builder. Debt was satisfied.

8. Plaintiff later purchased the two apartment buildings from Prairie View A&M University. The purchase was paid in full. Buildings were moved but never attached to land.

9. The apartment buildings are personal and not legally real estate because they were only moved to the property but not rented or registered to the County to be included in the parcel.

10. Defendant, Roy Lee Kemp has falsified multiple documents to defraud her brother, plaintiff, Cecil Boykin, out of his properties by utilizing a series of quit claim deeds and with another sibling seeming to convey the property to her and she back to him. She further borrowed against the property without plaintiff's knowledge.

11. Defendants, Wells Fargo Financial Texas Inc. and Texas Eviction, interfered with contracts failed to recognize the original deed on the property which was recorded in 1963. Failed to research and find that the original deed was still valid.

12. Defendant, Chuck Martin, an employee of Wells Fargo Financial Texas Inc., allegedly facilitated a home improvement loan without an appraisal and without checking the title.

13. Defendants, Wells Fargo Financial Texas Inc. and Chuck Martin, placed a note on the property without an appraisal or including area comps.

14. Defendant Wells Fargo Texas Inc. allegedly sold the property below market value to Defendant, Randolph Vincent Jr., however there are no statutory notices recorded and the FDIC as well as the Federal Reserve Bank show no evidence of such financial activity. The Waller County Recorder additionally does not show any recorded activities regarding foreclosure.

15. Defendant, Wells Fargo Texas Inc. and its successor Ocwen did not serve

Plaintiff with notice of foreclosure. No statutory public record exists for this alleged foreclosure of property and certainly nothing notifying plaintiff and his wife of any adverse action on the property that they have owned since 1963.

16. All defendants have disregarded property boundaries of Plaintiff, Cecil Boykin.

17. All defendants have violated plaintiffs' rights to due process.

18. All defendants have violated plaintiff, Cecil Boykin's right to privacy.

19. Defendants, Wells Fargo Financial Texas Inc. and Ocwen Financial Corporation, did not properly notice plaintiff as required. Further, Ocwen Financial Corporation failed to check the title of the property and notify plaintiff of any actions.

20. Defendant, Waller County Recorder, failed to check title before accepting fraudulent Quit Claim Deeds to transfer title between Roy Lee Kemp and Jack Boykin.

21. Defendant, CYPRESS FOUR PROPERTY VENTURES LLC knowingly received stolen property and additionally vandalized personal properties of Plaintiff, Cecil Boykin, as well as abused animals by cutting locks on the gates and allowing Bubba, the horse, to leave the property and wander to the farm market road.

22. Plaintiff became aware of the fraud after defendant claimed that he purchased the property at auction and came to the property trying to claim it as well as adjacent properties.

23. The property in question is landlocked.

## PARTIES

22. Plaintiff, at all times was over the age of 18. Cecil Boykin is the brother of Roy Lee Kemp.

Plaintiff, Cecil Boykin, and his wife Amy Boykin, are the owners of the land that surrounds the parcel upon which the fraud was committed. They are also the true owners, since 1963, of the fraudulently transferred property. Their ownership rights have been violated.

23. Ocwen Financial Corporation, at all times relevant to this complaint

5
[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

was the successor loan servicer of a loan allegedly taken out by Defendant, Roy Lee Kemp and the facilitator of the fraudulent transfers of subject property.

24. Defendant, Wells Fargo Financial Texas Inc. at all times relevant to this complaint is a financial institution and is being sued because of its fraudulent actions. Wells Fargo NA has confirmed that plaintiff, Cecil Boykin never had a loan with them.

25. Defendant, Chuck Martin, at all times relevant to this complaint was an employee or agent of Wells Fargo Financial Texas Inc.

26. Defendant, Michael Schroeder, at all times relevant to the complaint interfered with contracts, performed an unlawful lockout on personal property of plaintiff, trespassed onto other parcels of land which are owned by plaintiff and his wife, and ignored that the two apartment buildings stored on the property were not a part of the legal definition of any deed. Defendant had no court order for lockout and deprived plaintiff of use of his personal properties. Defendant is a licensed real estate broker and knew or should have known that he could not act in this manner.

27. Defendant, Texas Evictions, at all times relevant to the complaint has crossed onto private properties and issued fraudulent notices through the mail in an effort for financial.

28. Defendant, Randolph Vincent Jr., continues to violate the property not a subject to the center of the wrongful foreclosure action. He additionally broke out windows in the apartment buildings, spray painted on the buildings and was the cause of Defendant, Roy Lee Kemp's stroke and other medical conditions for which she needs ongoing treatment.

29. Defendant, Waller County Recorder failed to check the quit claim deeds and ignored the 1963 deed.

30. DEFENDANT, Bank of America NA when handling the collapse of two Texas Banks made errors by not running a complete title and added Defendant, Roy Lee Kemp, to the UCC filing of the Satisfaction of Lien. Plaintiff never had a home loan with the other collapsed institutions. Defendant failed to do due diligence with the title and with the two prior financial institutions which were closed for which they were assigned to resolve the issue.

## JURISDICTION AND VENUE

**31.** Plaintiffs brings this action pursuant to Title 42 U.S.C. sections, 1983, 1985, 1986, 1988 and invokes the jurisdiction of this court pursuant to 28 U.S.C. Section 1331; section 1343 (A) (3) & (4); and pursuant to the Fourth, Fifth & Fourteenth Amendment. This Court has proper jurisdiction and proper venue additionally over this action because the location of the properties both real and personal are located in the Texas, United States. This court has proper jurisdiction as Title 42 sections 1986 and 1985 creates its own jurisdiction.

## STATEMENT OF FACTS RELEVANT TO ALL CAUSES

32. No appraisal was done.

33. No survey of property was done.

34. Parcel upon which the dispute arises is landlocked.

35. The original deed recorded on the property was in 1963 and is owned by Cecil Boykin and Amy Boykin.

36. The monthly installments were paid to the construction company and paid in full.

37. The access road is private and starts on property which is not a part of the sale and belongs to the plaintiff.

38. The eviction was done without notice to Roy Lee Kemp which allowed defendants, Randolph Vincent Jr. and Michael Schroeder access legally but not physically because plaintiff owned surrounding parcels and defendant, Roy Lee Kemp, owned another adjacent parcel which Defendant, Randolph Vincent Jr. attempted to steal at gunpoint.

39. Defendant, Vincent Randolph, continues to access the landlocked parcel by

crossing onto private property. He admitted that he knows the original deed is valid yet he continues to call plaintiff to be for property for sale in the area.

40. Defendant, Wells Fargo Financial Texas Inc. has no document with plaintiff's name yet they refused to correct the situation.

41. Parcel 2:87217 map ID 3871 N1 is owned is owned by Cecil Boykin.

42. Parcel 2:R7268 map ID 3871 N1 is the disputed property.

43. The access road begins on parcel 2:87217 map ID 3871 N1.

44. Parcel 2:R7268 cannot be accessed by road without trespassing on 2:87217.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### WRONGFUL FORECLOSURE 18 U.S.C. § 1341

All Defendants

45. Plaintiffs re-allege and incorporate by reference the allegations in paragraph 1 through 45 above as though fully set forth herein.

46. Plaintiff alleges that at all times mentioned herein the subject property his personal property because it was purchased and moved to the location. It has never been attached to a foundation and issued a habitation permit.

47. Defendant, Wells Fargo Financial Texas Inc. did not conduct an appraisal of the subject property.

48. The Defendants foreclosure action was wrongful. The Deed of Trust is not enforceable due to that lack of ownership in the note by the Defendants and if such lawful owner of the indebtedness was to prove up a proper Note, bifurcation of the note and the security instrument has been proved by an assignment of the mortgage by an intrusive non-party that was not "Holder in Due Course". The original deed has never been superseded by any entity.

8

[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

49.   A foreclosure action is merely a collection action on a negotiable instrument, namely the Original Promissory Note. A Deed of Trust acts as a security instrument for the Original Promissory Note. A foreclosure action is a collection on the Original Promissory Note, not on the Deed of Trust. The Texas Business and Commerce Code states that only a "Holder" of a negotiable instrument is entitled to enforce the negotiable instrument. But if such security instrument is invalid then the "holder" can only pursue the indebtedness of the "note". There was not a true holder. Plaintiff had no note.

50.   All the documents relating to the foreclosure sale, which occurred on refer to the "Holder" of the Note, but Defendants have not shown themselves to be said Holder and/or the duly authorized representatives of the Holder, and even less so have not proved that there was a lawful right to enforce terms within the security instrument.

51.   All Defendants have purposefully, intentionally, and wrongfully instructed and carried out a collection action by way of the foreclosure and Substitute Trustee's Non-Judicial Foreclosure Sale in violation of the Texas Finance Code sections 392.301(8) and 392.304 and other various State laws. The loans created were fraudulent in that the first deed ever recorded on that property was recorded in 1963 and has never been removed, rescinded, replaced or otherwise encumbered lawfully.

## SECOND CAUSE OF ACTION
### Rescission and Restitution
### (15 U.S.C. 635)
### All Defendants

52.   Plaintiff re-allege and incorporate by reference above paragraphs 1 through 51 as though fully set forth herein.

53.   Defendant, Roy Lee Kemp, rescinded her loan on the subject property by providing written notice of cancellation to Wells Fargo Financial Texas Inc. Rescission is specifically authorized by 15 U.S.C. 1635. Further Defendant, Wells Fargo NA cannot provide any documents pertaining to this loan and the loan number is invalid as per the FDIC.

54. As of today, Wells Fargo Financial Texas Inc. has not returned the monies paid.

## THIRD CAUSE OF ACTION
### Violation of Real Estate Settlement Procedures Act
### (12 U.S.C. 2605, et seq)
All Defendants

55. Plaintiffs re-allege and incorporate by reference the allegations referenced in paragraphs 1 through 54 above as fully set forth herein.

56. The subject loan is a mortgage loan under RESPA, 12 U.S.C. 2605 et seq.

57. Defendants failed to give plaintiff proper notifications as required by law.

## FOURTH CLAIM FOR RELIEF

### FRAUDULENT CONCEALMENT

### Title 26 IRC Chapter 75 & 18 USC §1001

All Defendants

58. Plaintiff re-allege and incorporate by reference the allegations contained in paragraphs 1 through 57 above as though fully set forth herein.

59. Wells Fargo Financial Texas Inc. withheld information from plaintiff as to the nature of the loans. Plaintiff presented a power of attorney to the defendant but defendant refused to comply. Defendant knew the loan was fraudulent and that the title was clouded.

60. Defendant, Texas Evictions, mailed a letter of eviction without a court case number for reference.

61. Defendant, Vincent Randolph attempted to personally perform an eviction without a writ.

62. Defendant, Chuck Martin, concealed that the loan was not a Home Equity Line of Credit. He additionally failed to order an appraisal defining the ownership and true value of the property or ignored the discrepancy.

63. All defendants have concealed information from plaintiff so as to assert their position.

## FIFTH CLAIM FOR RELIEF

Case 4:19-cv-01401 Document 1 Filed on 04/17/19 in TXSD Page 10 of 13

10
[COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE]

## FRAUDULENT MISREPRESENTATION

### 18 U.S.C. §1005 & 18 U.S.C. §1001

All Defendants

46. Plaintiffs re-allege and incorporate by reference allegations contained in paragraphs 1 through 63 above as set forth herein.

47. All defendants misrepresented their rights.

48. Wells Fargo Financial Texas Inc. and Chuck Martin, deliberately misled Roy Lee Kemp who thought that she was getting a home equity line of credit.

49. Defendant, Texas Evictions, misled plaintiffs in thinking that they represented the Court.

50. Defendant, Randolph Vincent Jr., misrepresented that he owned parcels which were not his. He even claimed a 2 acre parcel which Defendant, Roy Lee Kemp, had purchased at a tax sale. He continues to harass plaintiff to sell parcels to him. This is an acknowledgment of his guilt.

51. All defendants have bent truth to satisfy their position or intent.


## SIXTH CLAIM FOR RELIEF

### ELDER ABUSE TEXAS HUMAN SERVICES CODE CHAPTER 48

All Defendants

52. Plaintiffs re-allege and incorporate by reference allegations contained in paragraphs 1 through 51 above as set forth herein.

53. All defendants have acted in a financially abuse manner.

54. Defendant, Vincent Randolph, brought a group of men to the property and pushed his way onto the property which he did not hold title as to access the subject property.

55. Defendant, Vincent Randolph, verbally threatened and physically intimidated Roy Lee Kemp and Cecil Boykin.

## SEVENTH CLAIM FOR RELIEF

## QUIET TITLE 28 U.S. Code § 2409a

### ALL DEFENDANTS

56. Plaintiffs re-allege and incorporate by reference allegations contained in paragraphs 1 through 55 above as set forth herein.

57. Plaintiff's purpose for this cause is to extinguish all claims against the title of the subject property.

## EIGHTH CLAIM FOR RELIEF

## VIOLATION OF TITLE 42 1983

### All Defendants

58. Plaintiffs re-allege and incorporate by reference allegations contained in paragraphs 1 through 57 above as set forth herein.

59. All defendants have violated 42 U.S.C. 1983.

60. Defendant, Randolph Vincent Jr., has repeatedly violated Plaintiff, Cecil Boykin's civil rights by trespassing on private property to which he has no right. Further he has brandished weapons to threaten and intimidate plaintiff and others on the property.

61. All defendants have violated plaintiffs' civil rights under the color of authority directly or indirectly bestowed upon them.

## NINTH CLAIM FOR RELIEF

## DECLARATORY AND INJUCTIVE RELIEF

### All Defendants

62. Plaintiffs re-allege and incorporate by reference allegations contained in paragraphs 1 through 61 above as set forth herein.

63. Plaintiffs desire a judicial determination based upon the records as to the actions of all defendants.

64. Plaintiff, Cecil Boykin, further requests that the Court enjoin defendant, Randolph Vincent Jr., from trespassing on his property. That additionally he be ordered to pay for all damages that he made to the fences, gates, historic buildings, and any and all damages to the fencing and property within 5 days or by posting a bond for the demand of the complaint.

65. Plaintiffs request that the this filing serve as a TRO and/preliminary injunction against defendant, Randolph Vincent Jr. and all defendants as to his trespassing onto private property to which they do not hold title.

66. Plaintiffs further ask the Court for a permanent injunction against any party accessing the subject property through adjacent private properties without the owners' written consent.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against all of the defendants and each of them as follows:

1. $5,000,000 USD
2. Punitive damages, compensatory, and actual damages.
3. Permanent injunction from the interference with contracts.
4. Permanent injunction from trespassing on adjacent properties.
5. Cancellation of all instruments recorded against the property.
6. Criminal investigation as to the actions of Wells Fargo Financial Texas Inc.
7. Criminal investigation into the financial abuse of an elderly person.
8. Criminal investigation as to the actions of Defendant, Vincent Randolph, in trespassing on private land as defined by the Department of Interior.
9. Federal investigation of securities fraud by all defendants.
10. Revocation of all professional licenses.
11. Any other relief which the Court deems appropriate.

|  | 13 |
|---|---|
|  | [COMPLAINT FOR FRAUD WRONGFUL FORECLOSURE] |

Respectfully submitted,

Dated: 04/09/2019

By: _____
CECIL BOYKIN
Plaintiff, pro se