United States District Court
Southern District of Texas
**ENTERED**
April 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CECIL BOYKIN | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-01401 |
| | § | |
| RANDOLPH VINCENT, JR. ET. AL. | § | |
| | § | |
| Defendant, | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cecil Boykin ("Boykin"), who proceeds *pro se*, brought this foreclosure-related case against ten named Defendants and "Does 1–100." Boykin's complaint is largely a cut-and-paste copy of the complaint that he filed against almost all of the same defendants in the United States District Court for the Southern District of Texas on September 5, 2017. In that case and the present action, Boykin complains of the foreclosure and subsequent eviction proceedings relating to property located in Waller County, Texas. Six named defendants (Ocwen Financial Corporation, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo Financial Texas, Inc., Chuck Martin, and Bank of America) have filed motions to dismiss.[1] Having considered the pleadings, motions, briefing, relevant legal authority, and all matters of record, the Court **GRANTS** each of these motions and **DISMISSES** this action.

---

[1] The remaining four named Defendants (Randolph Vincent Jr., Cypress Four Property Ventures LLC, Buckley Madole PC, and Roy Lee Kemp) and "Does 1–100" have not been served and have not appeared.

## I.      Factual and Procedural Background

On or about July 11, 2007, Defendant Roy Lee Kemp ("Kemp"), who is purportedly Boykin's sister, executed a promissory note ("Note") payable to Defendant Wells Fargo Financial Texas, Inc. ("Wells Fargo"). In conjunction with the Note, Kemp executed a Texas Home Equity Security Agreement ("Deed of Trust") creating a lien on the property located at 22395 FM 1098, in Waller County (the "Property") to secure the repayment of the Note (the Note and Deed of Trust are collectively referred to as the "Loan").

On August 15, 2016, the 506th Judicial District Court of Waller County entered an agreed order allowing foreclosure and authorizing Wells Fargo to foreclose on the Property due to Kemp's default on the Loan. Wells Fargo purchased the Property at the foreclosure sale. Wells Fargo sold the Property to Defendant Cypress Four Property Ventures, LLC, which in turn sold the Property to Defendant Randolph Vincent, Jr.

Other named Defendants who have appeared are Bank of America, who Boykin alleges "ratified the transfer of the property" in question; Michael Schroeder; Chuck Martin, "a Wells Fargo employee"; Ocwen Financial Corporation, apparently a successor loan servicer on Kemp's loan; and the Waller County Clerk Recorder, a "nominal defendant" who transferred title of the Property.

On September 5, 2017, Boykin filed suit against Wells Fargo and numerous other parties in the Southern District of Texas complaining of the foreclosure and eviction proceedings relating to the Property (the "First Suit"). See Dkt. 4-1 (*Boykin v. Wells Fargo Fin. Tex., Inc.*, Civ. Action No. H-17-02663, 2017 WL 6209606 (S.D. Tex., filed

Sep. 5, 2017). All defendants who had been served and appeared filed motions to dismiss this action. On December 8, 2017, the Honorable Nancy F. Atlas granted all of the motions and entered a Final Judgment dismissing all of Boykin's claims with prejudice. Boykin did not appeal this final decision.

Instead, on April 17, 2019, Boykin filed the instant action, once again complaining of the foreclosure and eviction proceedings with respect to the Property (the "Second Suit"). In this Second Suit, Boykin again asserts claims in largely conclusory fashion against defendants and seeks the same relief that he sought in the First Suit.

Between May 16, 2019 and May 28, 2019, all defendants who had appeared filed motions to dismiss this action against them. With the exception of Bank of America, each of these defendants had been a named defendant in the First Suit. Boykin did not respond to any of these motions.

After receiving no response for over four months, on October 11, 2019 the Court ordered Boykin to file his responses to the pending motions no later than November 11, 2019. In light of Boykin's failures to respond to similar motions and Court orders in the First Suit, the Court specifically stated in its order that if Boykin's did not timely respond, his suit would be subject to dismissal. Dkt. 32. Still Boykin did not file a response. On January 29, 2019, at a status conference in this case, the Court gave Boykin yet another opportunity to respond to the pending motions, setting a new response deadline of February 7, 2020. Dkt. 71. To date Boykin has not responded to the motions.

In the pending motions the defendants assert, among other things, that dismissal of this action is warranted under Rule 12(b)(6) because 1) all of Boykin's claims are barred

by res judicata, 2) Boykin lacks standing to bring claims regarding either the Loan or the Property, 3) the factual allegations against each defendant fail to meet the pleading requirements of *Twombly* and *Iqbal*, and 4) Boykin fails to plead any facts that would give rise to plausible claims against them. For the reasons set forth in greater detail below, the Court finds res judicata bars this action against Defendants Ocwen Financial, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo, and Chuck Martin. The Court also finds that Boykin lacks standing to bring the claims against any named defendant, including Defendant Bank of America.

## II.     Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has summarized the applicable standard,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. This includes the basic requirement that the facts
> plausibly establish each required element for each legal claim.
> However, a complaint is insufficient if it offers only labels
> and conclusions, or a formulaic recitation of the elements of a
> cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations

omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice" to state a plausible claim for relief. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (observing that courts "are not bound to accept as true a legal conclusion

couched as a factual allegation")). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* When

considering a motion to dismiss, district courts are "limited to the complaint, any

documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*,

594 F.3d at 387.

## III.    Analysis

### A. Boykin's Claims Against Defendants Ocwen Financial, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo, and Chuck Martin Are Barred by Res Judicata.

Dismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when

the elements of res judicata are apparent on the face of the pleadings and orders from prior lawsuits. *See Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013); *Ho-Huynh v. Bank of Am., N.A.*, Civ. Action G-14-69, 2014 WL 12599510, at *2 (S.D. Tex. Nov. 14, 2014). The doctrine of res judicata precludes re-litigation of claims that have been finally adjudicated. *Bullard v. Webster*, 679 F.2d 92, 93 (5th Cir. 1982). Res judicata requires four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Here, all of Boykin's claims are barred by res judicata because of the dismissal, with prejudice, of his claims in the First Suit.

The parties in this case are identical to, or in privity with, the parties in the prior action. The First Suit and the Second Suit were brought by Boykin, both individually and in his alleged capacity as trustee for Roy Lee Kemp Trust, against, among others, Defendants Ocwen Financial, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo, and its alleged employee, Chuck Martin.

The judgment in the prior action was rendered by a court of competent jurisdiction—the United States District Court for the Southern District of Texas. *See Ho-Huynh*, 2014 WL 12599510, at *3. The prior action was also concluded by a final judgment on the merits. The Court in the First Suit entered a Memorandum and Order and Final Judgment, which dismissed the First Suit with prejudice. *Boykin v. Wells Fargo Fin. Tex., Inc.*, Civ. Action No. H-17-02663, 2017 WL 6209606 (S.D. Tex., Dec. 8,

2017); *see Stevens v. Bank of Am., N.A.*, 587 Fed. App'x 130, 133 (5th Cir. 2014) ("[A] federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes.")

Finally, the Court finds that the same claims or cause of action were involved in the First Suit and this subsequent action. A prior judgment's preclusive effect extends to all potential claims of the plaintiff concerning "any part of the transaction, or series of connected transactions, out of which the original action arose." *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). Res judicata bars a subsequent claim that arises out of the "same nucleus of operative facts" as those of the original case. *Id.* Additionally, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication.'" *Maxwell v. U.S. Bank Nat. Ass'n*, 544 Fed. Appx. 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here Boykin's claims in the First Suit and his claims in the Second Suit are based on the same nucleus of operative facts—i.e., the Property, the foreclosure on the Property, and the eviction proceedings with respect to the Property. In fact, the claims asserted in this case are nearly identical to the claims asserted in the First Suit, with the only significant differences being the criminal statutes Boykin invokes as bases for his wrongful foreclosure and fraud claims.[2]

---

[2] However, these statutes −18 U.S.C. § 1341, 26 U.S.C. § 7201 and 18 U.S.C. §§ 1001, 1005—do not provide Boykin with private causes of action. *See, e.g.*, *Overton v. Wal-Mart Stores*, Civ. Action EP-15-0203DB, 2015 WL 13805515, at *2 (W.D. Tex. Nov. 13, 2015); *Morse v. Stanley*, Civ. Action 4:11-230, 2012 WL 1014996, at *2 (E.D. Tex. Mar.

In the First Suit, Boykin sued defendants contesting the foreclosure and eviction proceedings relating to the Property and asserting claims against them for wrongful foreclosure, "rescission and restitution" under 15 U.S.C. § 635, violation of RESPA, fraudulent concealment, fraudulent misrepresentation, elder abuse, quiet title under 28 U.S.C. § 2409a, and violation of 42 U.S.C. § 1983. Boykin also sought declaratory and injunctive relief.

In the Second Suit, Boykin once again contests the foreclosure and eviction proceedings relating to the Property, and asserts claims against defendants for wrongful foreclosure under 18 U.S.C. § 1341, "rescission and restitution" under 15 U.S.C. § 635, violation of RESPA, fraudulent concealment under Title 26 IRC Chapter 75 [26 U.S.C. § 7201 *et seq.*] and 18 U.S.C. § 1001, fraudulent misrepresentation under 18 U.S.C. § 1001 and § 1005, elder abuse, quiet title under 28 U.S.C. § 2409a, and violation of 42 U.S.C. § 1983.[3] Boykin also seeks declaratory and injunctive relief. Accordingly, the Court finds that Boykin's claims in the Second Suit against Defendants Ocwen Financial, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo, and Chuck Martin are barred by res judicata. *See Maxwell*, 544 Fed. App'x at 472–73 (affirming dismissal under Rule 12(b)(6) on res judicata grounds where mortgagor's action challenging the foreclosure of his property was based on same operative facts as prior pre-foreclosure actions); *Riley v. Wells Fargo Bank, N.A.*, Civ. Action 15-1415, 2016 WL6905849, at *3

---

23, 2012); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013); *Hunter v. Martinez*, Civ. Action 3:08-893, 2008 WL 3895969, at *2 (N.D. Tex. Aug. 20, 2008).
[3] In the Second Suit Boykin provides statutory references for some of his claims that he asserted in the First Suit.

(S.D. Tex. Apr. 27, 2016).

### B. Boykin Lacks Standing to Bring Claims Against Any Named Defendant Regarding the Loan or Property.

Assuming Boykin sufficiently pleaded allegations regarding each defendants' involvement in the transactions at issue, Boykin's claims still must be dismissed because he does not have standing to assert these claims against any defendant in this case, including Bank of America. As a court in the Southern District of Texas has already found, Boykin lacks standing to bring claims regarding the Loan or the Property because he was not a party to the Loan. *Boykin v. Wells Fargo Fin. Tex., Inc.*, Civ. Action No. H-17-02663, 2017 WL 6209606, at *3 (S.D. Tex., Dec. 8, 2017) ("Plaintiff was not a party to the deed or note relevant to the foreclosure . . . . Plaintiff's lack of standing to bring claims regarding the loan or the Property . . . requires dismissal of his claims against the . . . Defendants, all of whom are sued by Plaintiff in connection with the foreclosure dispute."). Accordingly, Boykin's claims against all defendants should be dismissed on this additional ground. *See id.*; *Setzer v. Richards*, Civ. Action A-11-214, 2012 WL 32943, at *3 (W.D. Tex. Jan. 5, 2012), *report and recommendation adopted sub nom. Setzer v. Branch Banking & Tr. Co.*, Civ. Action A-11-214, 2012 WL 13028679 (W.D. Tex. Feb. 2, 2012).[4]

---

[4] Because this action should be dismissed against all named defendants under either the principles of res judicata and/or because of Boykin's lack of standing, the Court need not address the additional grounds for dismissal asserted in defendants' motions.

## IV.     Conclusion

The Court finds that res judicata bars this action against Defendants Ocwen Financial Corporation, Waller County Clerk Recorder, Michael Schroeder, Wells Fargo, and Chuck Martin. The Court finds that Boykin lacks standing to bring the claims against any defendant, including Defendant Bank of America. Accordingly, the motions to dismiss filed by these defendants (Dkts. 4, 6, 10, 12, 15, and 20) are **GRANTED** and this action against them is **DISMISSED with prejudice**.

SIGNED this day 6th day of April, 2020.

George C. Hanks Jr.
United States District Judge